IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                                  Case No. 2:91-cr-131

Kevin Shehee

ORDER

    This matter is before the court on the government's motion to reconsider this court's order of March 3, 2008, reducing defendant's sentence in light of the recent amendments to the United States Sentencing Guidelines governing cocaine base offenses.  Due to the high volume of orders being entered on that date, defendant's case was mistakenly included with the agreed disposition cases, when in fact the government had not yet responded to the motion for reduction of sentence.  Therefore, the court will address the government's motion for reconsideration.  The probation officer has supplied the court with a post-sentencing addendum to the presentence investigation report.  Counsel for defendant has responded to the government's motion, and counsel for the government has notified the court that no further submissions will be filed in this case.

    The government opposes a reduction in the defendant's sentence due to the defendant's criminal history, which allegedly demonstrates the defendant's propensity toward violence and to engage in criminal conduct in the future.  The defendant was placed in a criminal history category of VI.  His previous convictions include a conviction in 1983, at the age of twenty-one, for carrying a concealed weapon.  Defendant also received a two-level enhancement in this case for possession of a firearm during the commission of the offense.  However, the instant offense was his

first drug conviction.  The remainder of his convictions were for theft offenses such as theft, forgery, receiving stolen property, and possession of criminal tools.  These previous convictions resulted in a criminal history score of twelve points, which would have placed defendant in a criminal history category of V. However, three additional points were added because the instant offense was committed within two years of defendant's release from confinement on a state sentence, while defendant was on parole, resulting in a total of fifteen points, which placed defendant in a criminal history category of VI.

While defendant's criminal history is significant, most of his prior convictions involved non-violent offenses.  This is also not a case where the number of criminal history points assigned to defendant far exceeds the amount required to place him in a criminal history category of VI.  Defendant's placement in a criminal history category of VI adequately takes the defendant's criminal history score and the nature of his criminal history into account.  Since defendant received a two-level enhancement for his possession of a firearm during the commission of the instant offense, he received a sentence which was fifty-two months greater than the bottom of the range which would have applied in the absence of a weapon.  Thus, the otherwise applicable guidelines adequately address the defendant's criminal history and his possession of a weapon in this case.  The two-level reduction in the base offense level resulting from the amendment of the cocaine base guidelines will still result in a sentence sufficient to afford adequate deterrence and to protect the public from more crimes by the defendant.

2

The probation officer has submitted an addendum to the presentence report concerning defendant's conduct while incarcerated. The report notes that defendant, during the fifteen years he has been incarcerated, was placed on unit restriction for gambling on September 13, 1992, was found to be untidy on July 27, 1999, and was found in an unauthorized area on August 9, 2004.

On the positive side, defendant has taken classes in drug education; computer; conversational Spanish and developmental English; parenting, support, nurturance, and anti-violence; communication and self-esteem; real estate; automobile work; and ceramics. As noted in the court's previous order, defendant has also submitted a certificates for completion of suicide prevention training, sales, and a legal assistant/paralegal curriculum. The court further notes that defendant was twenty-nine years old at the time of his conviction. He is now forty-six years old, and has served over fifteen years of his sentence. The fact that defendant has taken advantage of many educational and vocational opportunities indicates that defendant has matured while incarcerated, thus reducing the risk that he will return to a life of crime when released.

Finally, the government notes that the court has ordered a fifty-two-month reduction of defendant's sentence, almost four-and-a-half years. However, the information provided to the court indicates that defendant's scheduled release date prior to the reduction was July 28, 2010. If this information is accurate, then the court's order providing for a reduction to 210 months, or in the alternative, to time served pursuant to U.S.S.G. §1B1.10(b)(2)(C), would actually have the effect of reducing

3

defendant's sentence by twenty-nine months, or approximate two-and-a-half years.

The court has re-weighed the statutory sentencing factors in 18 U.S.C. §3553(a) in light of the government's submission. The court adheres to its previous determination that a reduction in defendant's sentence to take into account the change in the offense levels applicable to cocaine base offenses is appropriate and will not defeat the statutory purposes of sentencing.

The government's motion for reconsideration of this court's order of March 3, 2008, reducing defendant's sentence is denied.


Date: March 10, 2008          _____s\James L. Graham_____
                              James L. Graham
                              United States District Judge

4